UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD NIXON, on behalf of himself and all others similarly situated,<br><br>            Plaintiff,<br>v.<br><br>PINKO US CORP.,<br><br>            Defendant. | ECF CASE<br><br>No.: 1:18-cv-06686-AMD-ST |

**CONSENT DECREE**

1. This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 11, by and between the following parties: Plaintiff, Donald Nixon ("Plaintiff"), and Defendant, Pinko US Corp. ("Defendant"); Plaintiff and Defendant are collectively referred to as the "Parties" and individually as "Party" for the purposes and on the terms specified herein.

**RECITALS**

2. Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181-12189 ("ADA") and its implementing regulation, 28 C.F.R. pt. 36 prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

3. On November 21, 2018, Plaintiff filed this putative class action lawsuit on behalf of himself and all others similarly situated against Defendant (the "Action"). Plaintiff alleges that those U.S. portions of the website directed at consumers, which can be accessed by U.S. based consumers through the use of the domain name www.pinko.com (the "Website") contains barriers that prevent full and equal use by blind persons, in violation of the ADA, the New York

State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL").

4.     Defendant expressly denies that the Website violates any federal, state or local law, rule or regulation, including the ADA, NYSHRC and NYCHRC. By entry into this Consent Decree, Defendant does not acknowledge or admit any violation of any law or any wrongdoing of any kind in any respect.

5.     This Consent Decree resolves, settles, and compromises all issues between the Parties based on the allegations set forth in Plaintiff's Complaint (the "Complaint") and those claims or issues which arise from such allegations.

6.     This Consent Decree is entered into by Plaintiff, individually, prior to a determination on class certification. Therefore, notice to the putative class of this Consent Decree is not required under Fed. R. Civ. P. 23(e) nor appropriate.

## JURISDICTION

7.     Plaintiff alleges that Defendant is a private entity that owns and/or operates, or have contracts to operate or develop, the Website which is available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology. Plaintiff contends that the Website is a sales and service establishment whose operations affect commerce and a public accommodation subject to Title III of the ADA. 42 U.S.C §§12181(7); 12182(a); 28 C.F.R. §§ 36.104, 36.201(a). Defendant denies that the Website is a public accommodation or a place of public accommodation or is otherwise subject to Title III of the ADA.

8.     Plaintiff is suing on his own behalf, and on behalf of all other individuals similarly situated as an aggrieved person pursuant to 42 U.SC. § 12188(b)(2)(B).

9.     This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 42 U.S.C. § 12188. The Parties agree that venue is appropriate.

## AGREED RESOLUTION

10. Plaintiff and Defendant agree that it is in the Parties' best interest to resolve this Action on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in the Complaint.

In resolution of this action, the Parties hereby AGREE to and the Court expressly APPROVES, ENTERS, AND ORDERS the following:

## DEFINITIONS

11. "Effective Date" means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

12. "Person(s) with a visual impairment" means any person who has a visual impairment who meets the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200.

13. "Reasonable Efforts" means the commercially reasonable efforts that a reasonable person in Defendant's position would use to improve the existing level of accessibility of the Website to Persons with a visual impairment by using the Worldwide Web Consortium's Web Content Accessibility Guidelines ("WCAG") as a guideline to make such improvements, in accordance with the level agreed upon between the Parties in the settlement agreement (the "Settlement Agreement"). Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in paragraphs 19 through 25 of this Consent Decree. Reasonable Efforts shall be interpreted so as not to require Defendant to undertake efforts whose cost, difficulty or impact on Defendant or its affiliates' Website-related operations would constitute an undue burden, as defined in Title III of the ADA but as applied to Defendant's consumer focused Website-related operations, or would otherwise require efforts that are virtually impossible, are

3

not commercially reasonable, readily achievable or technically feasible or constitute a fundamental alteration of the Website's features or primary use.

14. The Website means the U.S. portions of the eCommerce webpages owned and/or operated by or on behalf of Defendant. The "Website" does not include any mobile applications or Third-Party Content (as defined below), nor does it apply to any portions of the Website directed at business users or Defendant's business partners, or those designated for internal use by Defendant or its affiliates or to websites not owned, operated, coded, managed or controlled by Defendant but that are linked from or to the Website or its mobile applications

15. "Third-Party Content" means web content that is generated by a third party and not owned, coded, managed, operated by or on behalf of Defendant, or hosted on the Website.

## TERM

16. The term of this Consent Decree shall commence as of the Effective Date and remain in effect for thirty-seven (37) months from the Effective Date.

## COMPLIANCE WITH TITLE III OF THE ADA

17. Web Accessibility Conformance Timeline: Defendant shall use Reasonable Efforts to improve the existing level of accessibility of the Website to persons with a visual impairment within thirty-seven (37) months of the Effective Date. Notwithstanding anything to the contrary contained herein and for the avoidance of doubt, with respect to the Website, neither Defendant nor any of its affiliates shall have any obligations with respect to the accessibility of the Website nor will Plaintiff have any recourse against Defendant or any of its affiliates under this Consent Decree with respect to the Website.

## PROCEDURES IN THE EVENT OF DISPUTES

18. The procedures set forth in Paragraphs 19 through 25 must be exhausted in the event that (i) Plaintiff alleges that Defendant has failed to meet its respective obligations under this Consent Decree or (ii) Defendant alleges that there is a criteria of WCAG with which it

4

cannot substantially comply as set forth herein. No breach will exist of this Consent Decree by Defendant in connection with such allegations until the following procedures have been exhausted.

19. If a Party believes that the other Party hereto has not complied in all material respects with any provision of the Consent Decree, that Party shall provide the other Party with written notice of non-compliance containing the following information: (i) the alleged act of non-compliance; (ii) a reference to the specific provision(s) of the Consent Decree that is not being complied with in all material respects; (iii) a statement of the remedial action sought by the initiating party; and (iv) a reasonably detailed statement of the specific facts, circumstances and legal argument supporting the position of the initiating party (the "Notice of Non-Compliance"). Plaintiff will notify Defendant in writing after the dates for their compliance set forth herein if Plaintiff believes that any item of a Website is in any way not compliant with this Consent Decree. Defendant will notify Plaintiff in writing if they believe there is a criteria of this Consent Decree with which they cannot substantially comply hereunder. All notifications must include reasonable detail and shall be made in the manner set forth in Paragraph 25. Plaintiff waives any and all rights that he may otherwise have to recover from Defendant including any damages, attorneys' or experts' fees, costs, expenses, or disbursements of any kind related to any Notice of Non-Compliance and related activities.

20. Within 30 days of either Party's receipt of Notice of Non-Compliance as described in Paragraph 19, the other Party will respond in writing to the notice. Within 15 days of receipt of the response, the Parties will meet by telephone, or in person, in an attempt to informally resolve the issue.

21. If the issue remains unresolved within 30 days of the meeting referenced in Paragraph 20, the Parties will each have an additional 30 days to select an expert and the two experts will mutually select an independent accessibility consultant with substantial experience

in accessible website design who will evaluate the particular item(s) raised based on whether those item(s) of the Website(s) are in substantial conformance with Defendant's obligations under Paragraph 17 above.

22. No breach of this Consent Decree will exist unless (a) the independent accessibility consultant determines that the particular item(s) of the Website(s) are not in substantial conformance with Defendant's obligations under Paragraph 17 above and (b) Defendant, as applicable, fails to remedy the issue within a reasonable period of time of not less than 90 days after receiving the independent accessibility consultant's written opinion. If the accessibility consultant believes that a reasonable time using Reasonable Efforts to remedy the items found not to be in substantial compliance is longer than 90 days, then the Parties may agree on a longer time period without leave of Court so long as the extension is documented in writing and executed by the Parties to this Consent Decree or their respective counsel. If the accessibility consultant finds that a particular item found not to be in substantial compliance cannot be remedied using Reasonable Efforts, Defendant shall not be obligated to remedy that item.

23. The determination and award of the independent accessibility consultant will be enforceable in this Court. All costs related to the independent accessibility consultant shall be borne equally by the Parties. Each Party shall bear its own costs, expenses, attorney fees and expert fees in connection with the determination and award of the independent accessibility consultant.

24. Any of the time periods set forth in Paragraphs 19 through 23 may be extended by a written agreement signed by all of the Parties.

25. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by email or facsimile and by overnight express mail, addressed as follows:

| | |
|---|---|
| For PLAINTIFF: | Jonathan Shalom, Esq.<br>SHALOM LAW, PLLC<br>124-04 Metropolitan Avenue<br>Kew Gardens, NY 11415<br>Phone: 718-971-9474<br>Email: Jshalom@jonathanshalomlaw.com |
| For DEFENDANTS: | Gina M. Piazza, Esq.<br>Tarter Krinsky & Drogin LLP<br>1350 Broadway, 11th Floor<br>New York, NY 10018<br>Phone: 212.216.1129<br>Fax: 212.216.8001<br>Email: gpiazza@tarterkrinsky.com |

## MODIFICATION

26. No modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties.

## ENFORCEMENT AND OTHER PROVISIONS

27. The laws of the State of New York shall govern the interpretation and enforcement of this Consent Decree. This Court shall retain jurisdiction over this matter for purposes of enforcement of this Consent Decree in accordance with its terms.

28. This Consent Decree, along with the Settlement Agreement, contains the entire agreement of the Plaintiff and Defendant concerning remediation of the Website and no other statement, promise or agreement, either written or oral, made by any Party or agent of any Party, that is not contained in this Consent Decree or the Settlement Agreement shall be enforceable.

29. If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

## PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES

30. This Consent Decree shall be binding on the Parties and their respective heirs, executors, administrators, personal or legal representatives, successors and assigns. In the event that Defendant seeks to transfer or assign all or part of its interest in any service covered by this Consent Decree, and the successor or assign intends on carrying on the same or similar use of the Website or online services, then the successor or assignee shall be solely responsible for their respective obligations remaining under this Consent Decree for the duration of the remaining term of the Consent Decree.

31. The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of all Persons with a visual impairment, which visually-impaired persons shall constitute third-party beneficiaries to this Consent Decree.

32. Plaintiff and Defendant agree that, as of the date of entry of this Consent Decree, litigation is not "reasonably foreseeable" concerning the matters described herein and alleged in the Complaint. To the extent that any of the Parties previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described in Paragraph 3, such Party is no longer required to maintain such a litigation hold. Nothing in this Paragraph relieves any Party of any other obligations imposed by this Consent Decree.

33. The signatories represent that they have the authority to bind the respective Parties to this Consent Decree.

[SIGNATURES TO FOLLOW ON NEXT PAGE]

## CONSENT DECREE HAS BEEN READ

34. This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

Dated: 4/19/19

_____
Donald Nixon

Pinko US Corp.

Dated: _____

By: _____
Its: _____

APPROVED AS TO FORM AND CONTENT:

Dated: 4/22/19

SHALOM LAW, PLLC

By: _____
Jonathan Shalom, Esq.
124-04 Metropolitan Avenue
Kew Gardens, NY 11415
Phone: 718-971-9474
Email:   Jshalom@jonathanshalomlaw.com
Attorneys for Plaintiff

Dated: 4/22/19

TARTER KRINSKY & DROGIN LLP

By: _____
Brittany Lazzaro, Esq.
1350 Broadway, 11th Floor
New York, NY 10018
Phone: 212.216.1130
Email: blazzaro@tarterkrinsky.com
Attorneys for Defendant

SO ORDERED:

_____
U.S.D.J.

9

## CONSENT DECREE HAS BEEN READ

34. This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

Dated: 4/19/19

_____
Donald Nixon

Pinko US Corp.

Dated: 04/29/2019

By: _____
Its: President

APPROVED AS TO FORM AND CONTENT:

Dated: 4/22/19

SHALOM LAW, PLLC

By: _____
Jonathan Shalom, Esq.
124-04 Metropolitan Avenue
Kew Gardens, NY 11415
Phone: 718-971-9474
Email: Jshalom@jonathanshalomlaw.com
Attorneys for Plaintiff

Dated: _____

TARTER KRINSKY & DROGIN LLP

By: _____
Brittany Lazzaro, Esq.
1350 Broadway, 11th Floor
New York, NY 10018
Phone: 212.216.1130
Email: blazzaro@tarterkrinsky.com
Attorneys for Defendant

SO ORDERED:

_____
U.S.D.J.

9